Dear Mr. Gascon:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1) What does a nolo contendere plea mean as it applies to a criminal conviction?
 2) What implications does a nolo plea to a simple battery have under the new federal laws governing persons convicted of domestic violence and the ownership of firearms?
As stated in La. C.Cr.P. art. 552:
 A sentence imposed upon a plea of nolo contendere
is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses, and shall be a conviction for purposes of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles.
Therefore, the police officer's plea of nolo contendere
to simple battery can be considered the equivalent of a guilty plea.
The federal law to which your question refers is18 U.S.C. § 922(g)(9), which has two elements. The applicable provision first states that the person must have been previously convicted of a misdemeanor. As stated above, the defendant's plea of nolocontendere to simple battery, which is a misdemeanor under Louisiana law is the equivalent of a guilty plea.
In order for the statute to apply to the defendant, the misdemeanor must be a crime of domestic violence as defined by18 U.S.C. § 921 (33). Domestic violence is defined as:
 [T]he use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or had cohabited with the victim as a spouse, parent or guardian or by a person similarly situated to a spouse, parent or guardian of the victim.
As the facts which are specific to this incident have been related to this office, it appears that the police officer in question was married to the victim at the time of the incident, making him a current spouse. This is sufficient to satisfy the term "domestic violence" as it is defined by federal law. The police officer is therefore subject to the provision which makes it a crime to "ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."18 U.S.C. § 922(g)(9).
Assuming that the police officer's weapon falls within the above definition, then he may not carry that weapon if he is convicted of domestic violence.
The court deferred sentence under La. C.Cr.P. art. 894 and placed the police officer on probation for two years. The court also ordered the defendant to attend and complete a spousal abuse program and to refrain from threatening or harming his wife either directly or indirectly.
A suspension of sentence under Article 894 does not erase the fact of conviction. The deputy is still deemed convicted despite the suspension of sentence. However, if the deputy successfully completes the terms of his probation and the court subsequently sets aside the conviction and dismisses prosecution, then he will no longer be deemed convicted as that term is contemplated by 18 U.S.C. § 921 (33)(B)(ii). That section specifically provides that when a conviction has been expunged, set aside or the person has been pardoned, then the person is not deemed to be convicted of a misdemeanor crime of domestic violence. The only exception is if the pardon, expungement or restoration of rights expressly prohibits handling or possession of firearms. Therefore, if the deputy receives a dismissal under La. C.Cr.P. art. 894, he can, at that time, carry a firearm.
It is the opinion of this office that since the defendant police officer was married to the victim of the simple battery, and he pled nolo contendere to the charge, his simple battery conviction falls within the provisions of 18 U.S.C. § 922
(g). If the weapon he carries falls within the terms of 18 U.S.C. § 922
(g)(9), then he is prohibited by federal law from carrying the firearm. However, if he completes the court-ordered probation and gets his conviction set aside, then he can carry a firearm at that time.
I hope this information has adequately addressed your question. The Louisiana Attorney General's office is not the authority in the best position to interpret federal statutes. You should also contact federal agencies such as the U.S. Attorney's Office for their legal opinion on this subject. If this office can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ Julie Collins Assistant Attorney General
RECEIVED: July 22, 1997 RELEASED:
JULIE A. COLLINS Assistant Attorney General